UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UPSTREAM RENEWABLE DEV II LLC and RENEWABLE SDIRA LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>CABLE RELIABILITY PROJECT HOLDINGS LLC, CLAREMONT RELIABILITY PROJECT HOLDINGS LLC, SANTA FE SPRINGS RELIABILITY PROJECT HOLDINGS LLC, UPLAND RELIABILITY PROJECT HOLDINGS LLC and RANCHO CUCAMONGA RELIABILITY PROJECT HOLDINGS LLC,<br><br>    Defendants. | Case No.: 1:24-cv-3896-JMF |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO F.R.C.P. 12(B)(1)**

                     COOLEY LLP
                     Ian R. Shapiro
                     55 Hudson Yards
                     New York, NY 10001
                     Tel: (212) 479-6000
                     ishapiro@cooley.com

                     COOLEY LLP
                     Martin Schenker (admitted *pro hac vice*)
                     3 Embarcadero Center
                     San Francisco, CA 94111
                     Tel: (415) 693-2154
                     mschenker@cooley.com

                     *Attorneys for Defendants*

## TABLE OF CONTENTS

Page

**PRELIMINARY STATEMENT** .................................................................................................. **1**
**BACKGROUND** ........................................................................................................................... **1**
**ARGUMENT** ................................................................................................................................. **3**
    II.    LEGAL STANDARD ...................................................................................................... 3
    III.   THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS
          ACTION .......................................................................................................................... 4
**CONCLUSION** ............................................................................................................................. **6**

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*,
   692 F.3d 42 (2d Cir. 2012) ................................................................................................... 4

*Bell v. Gordon*,
   2005 WL 2087822 (S.D.N.Y. Aug. 30, 2005) ........................................................................ 5

*Carden v. Arkoma Assocs.*,
   494 U.S. 185 (1990) ............................................................................................................ 3, 5

*Grupo Dataflux v. Atlas Global Group, L.P.*,
   541 U.S. 567 (2004) ............................................................................................................... 4

*Hertz Corp. v. Friend*,
   559 U.S. 77 (2010) ................................................................................................................. 3

*Makarova v. U.S.*,
   201 F.3d 110 (2d Cir. 2000) ................................................................................................... 3

*Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*,
   943 F.3d 613 (2d Cir. 2019) ........................................................................................... 3, 4, 5

*SBL Enterprises LLC v. Keystone Cap. Corp.*,
   2021 WL 2000365 (S.D.N.Y. May 19, 2021) ........................................................................ 5

*Velasquez v. Parmalat SpA*,
   2000 WL 294840 (S.D.N.Y. Mar. 21, 2000) ......................................................................... 3

*Vilayvanh v. E. 111th St. Props., LLC*,
   2020 WL 6364871 (S.D.N.Y. Oct. 29, 2020) ................................................................ 4, 5, 6

**Statutes**

28 U.S.C. § 1331 ........................................................................................................................... 2

28 U.S.C. § 1332 ........................................................................................................................... 1

28 U.S.C. § 1332(a)(1) .................................................................................................................. 3

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) ............................................................................................................. 3, 4

## PRELIMINARY STATEMENT

Plaintiffs' Complaint must be dismissed because this Court lacks subject matter jurisdiction. Plaintiffs Upstream Renewable Dev II LLC and Renewable SDIRA LLC (collectively, "Plaintiffs") are citizens of California who assert claims against five energy storage companies based on alleged breaches of two October 25, 2022 membership interest purchase agreements ("MIPAs"). Plaintiffs bring these claims pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332. In order for this Court to have jurisdiction, there must be complete diversity between Plaintiffs and each Defendant. But Plaintiffs' Complaint cannot adequately plead diversity.

For purposes of diversity jurisdiction, limited liability companies, such as Defendants, are citizens of each state in which its members are citizens. Defendants' sole member is Horizon Energy Storage DevCo Aggregator, LLC ("Horizon"), and the managing member of Horizon is GridStor Subsidiary, LLC ("GridStor Subsidiary"). At least six members of Gridstor Subsidiary are citizens of California. That California citizenship is imputed to GridStor Subsidiary, to Horizon, and to Defendants. The California citizenship in Defendants' membership structure – which must be considered in determining whether this Court has diversity jurisdiction – is the same citizenship as Ryan Hulett, the sole member of both Plaintiffs. That is sufficient to defeat diversity jurisdiction and dismiss the Complaint. Moreover, because that deficiency cannot be remedied by amendment, this action should be dismissed with prejudice.

## BACKGROUND

On May 20, 2024, Plaintiffs filed this action against Defendants Cable Reliability Project Holdings LLC, Claremont Reliability Project Holdings LLC, Santa Fe Springs Reliability Project Holdings LLC, Upland Reliability Project Holdings LLC, and Rancho Cucamonga Reliability Project Holdings LLC (collectively, "Defendants" or the "Buyer Companies"). Plaintiffs bring

claims for declaratory judgment, breach of contract, and anticipatory breach of contract, in connection with Defendants' April 25, 2024 notice of claim for indemnification pursuant to the MIPAs that the parties executed on October 25, 2022. (ECF No. 1 (Compl.) at ¶¶ 1-2.) Because Plaintiffs do not allege a federal cause of action, nor do they assert federal question jurisdiction under 28 U.S.C. § 1331, Plaintiffs' sole basis for asserting that this Court has jurisdiction is diversity. (*Id.* at ¶ 10.)

In support of their assertion of the Court's diversity jurisdiction, Plaintiffs' Complaint alleges that they are citizens of California. (*Id.* at ¶¶ 3-4.) Plaintiffs further allege, "upon information and belief," that (1) each Defendant Buyer Company is a Delaware limited liability company; (2) GridStor Subsidiary, a Delaware limited liability company, is the managing member of each Defendant; (3) GridStor, LLC ("GridStor"), a Delaware limited liability company, is the sole member of GridStor Subsidiary; (4) Chris Taylor, a Portland, Oregon domiciliary, is the managing member of GridStor; (5) Goldman Sachs Asset Management L.P. ("GSAM LP"), a Delaware limited liability partnership, is the other member of GridStor; (6) GSAM LP is directly held by GSAM Holdings LLC, a Delaware limited liability company; and (7) GSAM Holdings is a wholly owned subsidiary of The Goldman Sachs Group Inc., which is a Delaware corporation with its principal place of business in New York, New York. (*Id.* at ¶¶ 5-9.)

Contrary to Plaintiffs' allegations, however, and as set forth in the Declaration of William Benjamin Lackey ("Lackey Decl."), attached hereto as Exhibit 1, Defendants' membership structure at the time of the filing of the Complaint (and continuing today) is more complicated, and includes more entities and individuals than Plaintiffs allege. At the time of the transaction in October 2022, GridStor Subsidiary was the managing member of Defendants. (Lackey Decl. ¶ 2.) Due to a series of transactions that took place on or about October 23, 2023, Horizon is now the

sole member of each of the Buyer Companies (Lackey Decl. ¶¶ 3-4); Horizon's members are GridStor Subsidiary and other limited liability companies (Lackey Decl. ¶ 5); and GridStor Subsidiary's members are GridStor and certain GridStor employees. (Lackey Decl. ¶ 6.) Critically, six of the GridStor employees who hold membership interests in GridStor Subsidiary – Adam Horvath, Anna Astretsova, Brett Rudder, John Murray, Matthew Gilliland, and Will Jolley – are domiciled in California (Lackey Decl. ¶¶ 7-12), rendering each Defendant a citizen of California.

## ARGUMENT

**II.    LEGAL STANDARD**

Pursuant to Fed. R. Civ. P. 12(b)(1), a district court must dismiss a complaint for lack of subject matter jurisdiction if the plaintiff and defendant are not completely diverse in their citizenships.[1]  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990); *see also* 28 U.S.C. § 1332(a)(1).  "'It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction,' and it must prove jurisdiction by a 'preponderance of evidence.'" *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019); *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it").  Moreover, in deciding a Fed. R. Civ. P. 12(b)(1) motion, a district court may consider evidence outside of the pleadings, such as by declaration or otherwise, which is pertinent to the question of the court's subject matter jurisdiction.  *See Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000) ("In resolving

---

[1] Plaintiffs allege that they brought this action in this Court pursuant to the forum selection clauses in the MIPAs, which designate the Southern District of New York as the exclusive forum for litigation. (Compl. at ¶ 11.)  However, a forum selection clause cannot create subject matter jurisdiction.  *See Velasquez v. Parmalat SpA*, 2000 WL 294840, at *2 (S.D.N.Y. Mar. 21, 2000) ("A forum selection clause, however, is not sufficient to confer subject matter jurisdiction on this Court.").

a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court []  may refer to evidence outside the pleadings.").

Diversity jurisdiction is determined at the time of the filing of the complaint. *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71 (2004). In the case of a limited liability company ("LLC"), such as Defendants, a federal court must evaluate the citizenship of each of the members in the LLC for the purposes of determining whether diversity jurisdiction exists. *See, e.g.*, *Platinum-Montaur Life Scis., LLC*, 943 F.3d at 615 ("Platinum-Montaur is a limited liability company [], which takes the citizenship of all of its members."); *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (defendant "is a limited liability company that takes the citizenship of each of its members.").

"To the extent any member of an artificial entity, such as a limited liability company or a trust, is itself an artificial entity, the court must engage in an 'upstream analysis,' looking to the members and structure of that entity." *Vilayvanh v. E. 111th St. Props., LLC*, 2020 WL 6364871, at *2 (S.D.N.Y. Oct. 29, 2020) (citing cases). "In doing so, a court must look to *all* members" of the upstream artificial entity. *Id.* (citing *Carden*, 494 U.S. at 192 ("We have never held that an artificial entity, suing or being sued in its own name, can invoke the diversity jurisdiction of the federal courts based on the citizenship of some but not all of its members.")).

### III.  THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS ACTION

The Complaint must be dismissed, pursuant to Fed. R. Civ. P. 12(b)(1) because both Plaintiffs and Defendants – through their upstream individual members – are citizens of California, and thus diversity does not exist as a matter of law.

Plaintiffs allege that GridStor Subsidiary is the managing member of each Defendant. (Compl. at ¶¶ 5-9.)  Plaintiffs are wrong.[2]  As set forth in the Lackey Declaration, while at one point GridStor Subsidiary may have been the "managing member" of each of the Defendants, at the time of filing, Horizon was the sole member of each Defendant.  (*See* Lackey Decl. ¶¶ 2-4.)

Because Horizon is also an LLC, the Court must complete an "upstream analysis, looking to the members and structure of that entity" until the Court reaches a natural person or corporation. *Vilayvanh*, 2020 WL 6364871, at *2; *Carden*, 494 U.S. at 196-97.  GridStor Subsidiary, which is also an LLC, is the managing member of Horizon.  (*Id.* ¶ 5.)  The members of GridStor Subsidiary include GridStor and certain GridStor employees who hold shares in GridStor Subsidiary.  (*Id.* ¶ 6.)  At least six GridStor employees – Adam Horvath, Anna Astretsova, Brett Rudder, John Murray, Matthew Gilliland, and Will Jolley – who hold a membership interest in GridStor Subsidiary resided in California as of May 20, 2024, when this action was filed (and still reside in California as of the date of this motion).  (*Id.* ¶¶ 7-12.)  The California residency of each of those members is sufficient to establish their domicile for purposes of the jurisdictional analysis.  *See Bell v. Gordon*, 2005 WL 2087822, at *2 (S.D.N.Y. Aug. 30, 2005) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary.").

Because at least six members of GridStor Subsidiary are domiciled in California, their citizenship is imputed to GridStor Subsidiary, to Horizon, and to Defendants.  *See, e.g.*, *Platinum-Montaur Life Scis., LLC*, 943 F.3d at 615 ("Platinum-Montaur is a limited liability company [],

---

[2] Plaintiffs' failure to allege that GridStor Subsidiary is the "sole" member of each Defendant is also fatal to their attempt to establish subject matter jurisdiction.  By failing to identify each member of Defendants, Plaintiffs fail to establish the citizenship of each such member.  *See, e.g.*, *SBL Enterprises LLC v. Keystone Cap. Corp.*, 2021 WL 2000365, at *2 (S.D.N.Y. May 19, 2021) (dismissing complaint without prejudice because "[w]here a complaint does not plead the citizenship of an LLC party's members, it fails to plead diversity jurisdiction.").

which takes the citizenship of all of its members."). Based on the California citizenship of those six members in the membership chain of each Defendant and Plaintiffs, there is therefore no diversity of citizenship between the parties. Those facts – which cannot be disputed – require dismissal of Plaintiffs' Complaint with prejudice for lack of subject matter jurisdiction.[3]

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court grant their motion to dismiss with prejudice.

Dated: New York, New York  
July 3, 2024

/s/ Ian R. Shapiro  
COOLEY LLP  
Ian R. Shapiro  
55 Hudson Yards  
New York, NY 10001  
Tel: (212) 479-6000  
ishapiro@cooley.com

COOLEY LLP  
Martin Schenker (admitted *pro hac vice*)  
3 Embarcadero Center  
San Francisco, CA 94111  
Tel: (415) 693-2154  
mschenker@cooley.com

*Attorneys for Defendants*

---

[3] Because diversity jurisdiction is lacking where even a single member of the LLC is a citizen of California, Gridstor has not presented evidence regarding other members who are citizens of California and has not detailed evidence of the citizenship of all LLCs and LPs that are related to GridStor. *See Vilayvanh*, 2020 WL 6364871, at *3 (acknowledging that even in the absence of complete information, if "the limited information that [d]efendants have provided makes clear that not all [d]efendants are diverse from all [p]laintiffs" remand to state court after attempted removal was necessary due to lack of diversity jurisdiction).

-6-